IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SKYLAR ELLIS,<br><br>Defendant. | Case No. 19-cr-00182-DKW-1<br><br>**ORDER DENYING DEFENDANT SKYLAR ELLIS' MOTION FOR REDUCTION OF SENTENCE** |

On January 29, 2024, Defendant Skylar Ellis moved, without counsel, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his term of imprisonment ("the motion") based upon Amendment 821 to the U.S. Sentencing Guidelines. Dkt. No. 134. An Amendment 821-derived reduction may apply when, among other things, a defendant received, at sentencing, zero criminal history points from Chapter Four, Part A, or any "status points" for committing an offense while under supervision. Here, review of Ellis' Presentence Investigation Report (PSR), which the Court adopted without change or objection at sentencing, reflects that Ellis received neither zero criminal history points under Chapter Four, Part A, nor any status points. As a result, Amendment 821 is inapplicable to Ellis' sentence and, thus, the instant motion is DENIED.

## **DISCUSSION**

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by the Sentencing Commission.[1] Amendment 821, which became effective on November 1, 2023, among other things, decreased by two the offense level of any defendant meeting a list of ten criteria. The first of those criteria is that a "defendant did not receive any criminal history points from Chapter 4, Part A[.]" U.S.S.G. § 4C1.1(a)(1) (2023). Amendment 821 also eliminated "status points" for those offenders having six or fewer criminal history points. *Id*. at § 4A1.1(e) (2023). "Status points" are points added to an offender's criminal history calculation for committing an offense while under, among other things, supervised release. *See id*.; U.S.S.G Am. 821, cmt.

In this case, review of the PSR reflects that Ellis received one criminal history point under Chapter 4, Part A. Dkt. No. 306 at ¶¶ 52, 54. That determination was adopted by the Court without change when sentencing Ellis. Dkt. No. 116 at 1.[2] Therefore, Ellis was not a "zero-point offender" at sentencing,

---

[1] Section 3582(c)(2) also requires, before a sentence may be reduced, that the reduction be consistent with "applicable policy statements issued by the Sentencing Commission." Because the Court does not find that Amendment 821 is applicable to Ellis, it is unnecessary to address whether any reduction would be consistent with applicable policy statements.

[2] Ellis also did not challenge that determination at sentencing. *See* Dkt. No. 112 at 3; Dkt. No. 114. Ellis similarly does not challenge, or even mention, this fact in the instant motion.

2

and the November 2023 addition of Section 4C1.1 to the Sentencing Guidelines, as reflected in Amendment 821, is not applicable to Ellis. Similarly, review of the PSR reflects that Ellis did not receive any criminal history points for committing an offense while under supervision or any of the other categories pertinent to "status points" under Section 4A1.1(e). Therefore, this change to the Sentencing Guidelines, as reflected in Amendment 821, is also inapplicable to Ellis.

As a result, the motion, Dkt. No. 134, is DENIED.[3]

## CONCLUSION

For the foregoing reasons, the motion for reduction of sentence, Dkt. No. 134, is DENIED.

IT IS SO ORDERED.

DATED: February 16, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*United States v. Ellis,* Case No. 19-cr-00182-DKW-1; **ORDER DENYING DEFENDANT SKYLAR ELLIS' MOTION FOR REDUCTION OF SENTENCE**

---

[3] The Court notes that this Order is entered prior to the deadline for the filing of Ellis' reply brief, Dkt. No. 135, and prior to the filing of the same. Because of the clear inapplicability of Amendment 821 to Ellis' sentence, however, Ellis' reply brief is unnecessary to the Court's adjudication of the instant motion.